# Exhibit A

STATE OF MARYLAND
OFFICE OF THE ATTORNEY GENERAL



DOUGLAS F. GANSLER
ATTORNEY GENERAL

KATHERINE WINFREE
CHIEF DEPUTY ATTORNEY GENERAL

JOHN B. HOWARD, JR.
DEPUTY ATTORNEY GENERAL

ELIZABETH H. TRIMBLE
PRINCIPAL COUNSEL

JONATHAN R. KRASNOFF
DEPUTY COUNSEL

SUSAN M. CHERRY
CHIEF OF LITIGATION

DEPARTMENT OF LABOR, LICENSING AND REGULATION
500 N. Calvert Street - Suite 406
Baltimore, Maryland 21202-3651
(410) 230-6108 - FAX: (410) 333-6503

July 18, 2007

**VIA HAND DELIVERY**
The Honorable Marvin J. Garbis
United States District Court for the
 District of Maryland
Garmatz Federal Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

   Re:  H&R Block Eastern Enterprises, Inc. v. Turnbaugh
     Civil Action No. MJG 071822

Dear Judge Garbis:

  After our telephone conference last week, I had a chance to discuss the captioned lawsuit in greater detail with my clients, Charles W. Turnbaugh, the Commissioner of Financial Regulation, and Thomas E. Perez, Secretary of the Department of Labor, Licensing and Regulation ("DLLR"). As a result of those discussions, DLLR has clarified, in the attached two documents, exactly what its current intentions are with regard to applying the Maryland Credit Services Businesses Act to H&R Block. The agency does not intend to take any action against H&R Block at this time. Indeed, any consideration of the matter has been tabled at the direction of Secretary Perez, and it will be re-evaluated once the new Commissioner of Financial Regulation takes office at the end of August.

  The two documents are a Declaration of Commissioner Turnbaugh and a letter from Secretary Perez to Brian Schmidt, Vice President - General Counsel for H&R Block. That letter was sent, via facsimile, to Mr. Schmidt earlier today. (The letter from Secretary Perez bears his authorized stamped signature because he is out of town today.) As you can see from these two documents, DLLR has absolutely no current intent to take any action against H&R Block. Therefore, we believe there is no need for judicial intervention in this matter because there is no current controversy between the State of Maryland and H&R Block.

TTY USERS CALL MARYLAND RELAY 1-800-735-2258

The Honorable Marvin J. Garbis
July 18, 2007
Page 2 of 2

    We are furnishing these documents to you in advance of the hearing on Friday, as they are the basis on which we will ask that the case be dismissed. We have provided a copy of this letter and these two documents to opposing counsel, via facsimile, today.

Respectfully,

Jonathan R. Krasnoff
Assistant Attorney General
(D. Md. # 07880)

cc: William Murphy, Jr.

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| H&R BLOCK EASTERN ENTERPRISES, INC. | * | |
| Plaintiff, | * | |
| | * | Civil Action No: MJG 071822 |
| v. | * | |
| CHARLES W. TURNBAUGH, in his official capacity as Commissioner of Financial Regulation of the State of Maryland | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

## DECLARATION OF CHARLES W. TURNBAUGH

I, CHARLES W. TURNBAUGH, do hereby declare:

1. I am the Commissioner of Financial Regulation of the State of Maryland and the statements in this declaration are based on my personal knowledge. I am competent to testify as to the matters described herein.

2. I have served as the Commissioner of Financial Regulation since August 1, 2003. As the Commissioner of Financial Regulation my responsibilities include the supervision and regulation of credit services businesses under the authority of the Maryland Credit Services Businesses Act ("CSBA"), Commercial Law Article ("CL"), Title 14, Subtitle 19, Annotated Code of Maryland.

3. My service as Commissioner of Financial Regulation will end on August 3,

2007, pending my retirement from State service at a later date. I am advised that the service of the new Commissioner of Financial Regulation will commence on or about August 28, 2007.

4. My letter of January 4, 2007 (Plaintiff's Complaint, Exhibit E), was not intended and did not state that H&R Block must get a license under the CSBA. Instead, it simply reiterated the agency's general position with respect to the law and stated as follows: "In light of the changes in [H&R Block's] programs, it is necessary for this Office to again conduct a review to assure compliance with applicable Maryland law."

5. In connection with my official duties as regulator of credit services businesses in Maryland, I and other members of my staff met with representatives of H&R Block on February 9, 2007 to discuss its activities in connection with Refund Anticipation Loans ("RAL's") in Maryland. At no time during that meeting did I express or state that H&R Block must obtain a license as a credit services business. I stated that the purpose of the meeting was to develop information that would facilitate a determination of whether H&R Block is, in fact, subject to the CSBA.

6. Following the February 9, 2007 meeting with H&R Block representatives, I instructed my staff to continue gathering information regarding its RAL activities, so that I could determine whether H&R Block is, in fact, subject to the licensing and other requirements of the CSBA.

7. On July 16, 2007, I discussed the status of this matter with Thomas E. Perez,

Secretary of Labor, Licensing and Regulation. We agree that the Department's evaluation of this matter should be tabled at this time, in order to give the new Commissioner and her staff the opportunity to re-evaluate the facts relating to H&R Block's offering of RAL's. Such a re-evaluation would include a review of the applicability of the CSBA and what relevance, if any, the recent Supreme Court decision of *Watters v. Wachovia*, 127 S.Ct. 1559 (2007), has with respect to H&R Block's relationship with a national bank.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 17, 2007.

CHARLES W. TURNBAUGH

# DLLR
## State of Maryland
### Department of Labor, Licensing and Regulation

MARTIN O'MALLEY, Governor
ANTHONY G. BROWN, Lt. Governor
THOMAS E. PEREZ, Secretary

OFFICE OF THE SECRETARY

DLLR Home Page • http://www.dllr.state.md.us
DLLR E-mail • mddllr@dllr.state.md.us

July 18, 2007

**VIA FACSIMILE & OVERNIGHT MAIL**
Brian H. Schmidt
Vice President/Corporate Counsel
H&R Block
One H&R Block Way
Kansas City, Missouri 64105

    Re: Refund Anticipation Loans Under Maryland Law

Dear Mr. Schmidt:

    This is in response to H&R Block's Motion for a Temporary Restraining Order and Complaint for Injunctive and Declaratory Relief that was filed last week in the United States District Court for the District of Maryland. As you may know, I was confirmed as Secretary of the Department of Labor, Licensing and Regulation ("DLLR") on February 1, 2007. The Office of the Commissioner of Financial Regulation is a unit within DLLR. I have had a chance to review the Complaint and discuss it with the Commissioner of Financial Regulation. For the reasons set forth below, I have asked the Commissioner to refrain from any further action until the matter can be re-evaluated.

    The January 4, 2007 letter advising H&R Block of the agency's interpretation of the applicability of the Maryland Credit Services Businesses Act to tax preparers in connection with Refund Anticipation Loans from third party lenders was sent prior to my arrival as Secretary. Commissioner Turnbaugh's tenure ends on August 3, 2007, and he is retiring from State service. His successor, Sarah Bloom Raskin, has been named, and she assumes her duties as Commissioner on August 28, 2007. In light of this transition, and the recent Supreme Court case of *Watters v. Wachovia,* 127 S.Ct. 1559 (2007), which may be relevant to the legal evaluation of this issue, I have asked the new Commissioner to re-examine the agency's interpretation as it may apply to transactions involving



500 N. CALVERT STREET
BALTIMORE, MD 21202-3651

*Keeping Maryland Working and Safe*

410-230-6001 • FAX 410-333-0853
TTY USERS, CALL VIA THE MARYLAND RELAY SERVICE

Brian H. Schmidt
July 18, 2007
Page 2 of 2

federally chartered depository institution lenders. She will begin that re-evaluation with her staff at her earliest opportunity. In the meantime, the Office of the Commissioner will not initiate any action against H&R Block pending this re-evaluation.

Should the agency's re-evaluation result in the conclusion that State regulatory action is appropriate, the Commissioner will give H&R Block the courtesy of advanced notice of that action. Also, please be assured that the new Commissioner will give you ample opportunity, if you so desire, to meet with her and discuss H&R Block's position on this matter.

Sincerely,

Thomas E. Perez
Secretary

# Exhibit B



ROBERT L. EHRLICH, Jr., Governor
MICHAEL S. STEELE, Lt. Governor
JAMES D. FIELDER, Jr., Ph.D., Secretary

Division of Financial Regulation
Charles W. Turnbaugh, Commissioner

www.dllr.state.md.us/financ
E-mail • finreg@dllr.state.md.t

January 4, 2007

Mark A. Ernest
CEO
H&R Block
1 H&R Block Way
Kansas City, MO  64105

RECEIVED JAN 1 1 2007

Re: Refund Anticipation Loans under Maryland Law

Dear Mr. Ernest:

    H&R Block has many offices in Maryland and originates "pre file" and other forms of tax refund anticipation loans to Maryland residents. Your company has met with this office in the past to review how these loan programs comply with Maryland law. In light of the changes in these programs, it is necessary for this Office to again conduct a review to assure compliance with applicable Maryland law.

    Typically, refund anticipation loans ("RAL") and the more recent "pay-stub" loans are made by federally insured lenders, such as a banks or savings and loan associations, with the assistance of tax preparers. As you probably know, insured lenders are permitted by federal law to "export" the interest rate permitted in the state where they are located, regardless of limitations by the state where the borrower resides. State laws are, thus, preempted in this regard.

    However, In Maryland, the Commissioner administers the Credit Services Businesses Act (the "Act") (Md. Com. Law Code Ann., § 14-1901 *et seq.*), which, among other things, regulates persons who for money or other valuable consideration assist consumers to obtain loans from third parties. If a tax preparer is paid a fee to assists a consumer to obtain an RAL or pay-stub loan, it is subject to the licensing and other requirements of the Act.

    In 2002, § 14-1902 of the Act was amended to prohibit a credit services business from assisting a consumer to obtain an extension of credit at a rate of interest in excess of the Maryland limit. Thus, under current Maryland law, a credit services business must be licensed by the Commissioner of Financial Regulation; and is prohibited from assisting a borrower with a loan if the interest rate on the loan exceeds the maximum rate permitted by Maryland law.



Division of Financial Regulation
500 North Calvert Street • Suite 402
Baltimore, Maryland 21202-3651

*Keeping Maryland Working and Safe*

410-230-6100
(Toll Free) 1-888-784-0136
(Fax) 410-333-3866 / 410-333-047!

Please have representatives of your firm contact Mr. Michael Jackson of this Office (410 230-6017) to coordinate this review. We greatly value you cooperation.

Sincerely,

Charles W. Turnbaugh
Commissioner

Cc: Gregory D. Omer, Esq.